# EXHIBIT "E"



**Reply To**
ERIC A. FITZGERALD, ESQ.
Direct Dial: (484)-406-4334
Eric.Fitzgerald@mgclaw.com

April 5, 2024

**Via Email and Certified Mail**

Gavin P. Lentz, Esq.
Bochetto Lentz
1524 Locust Street
Philadelphia, PA  19103
glentz@bochettoandlentz.com

| | | |
|---|---|---|
| **Re** | **Insured:** | Kevin Crowley |
| | **Insurer:** | Markel American Insurance Company |
| | **Sponsoring Co.:** | Penn Mutual Life Insurance Company |
| | **Policy:** | Company Sponsored Life Insurance Agents Professional Liability |
| | **Policy Number:** | MKLM7PLCA00065 (the "Policy") |
| | **Policy Period:** | August 1, 2022 to August 1, 2023 |
| | **Claimants:** | Paul & Marie Friedman |
| | **Lancer Claim No.:** | 619560 |
| | **MAIC Claim No.:** | MXXL96790 |

Dear Attorney Lentz:

Per our email exchange, I have been retained as coverage counsel for Markel American Insurance Company ("MAIC") and its third-party claim administrator, Lancer Claims Services, a Division of Brown & Brown Program Insurance Services, Inc. ("Lancer") in the above-referenced matter.  I am directing this coverage position letter to you as personal counsel for March Fwd, LLC, and its principals and/or employees, including Robert Babson and Kevin Crowley.  If you are not authorized to accept this letter on behalf of March Fwd, LLC, Robert Babson and Kevin Crowley, please let me know as soon as possible.

MAIC, through its claims administrator Lancer (collectively herein "MAIC"), issued Coverage Position letters on August 7, 2023 and February 26, 2024 to Kevin Crowley.  This letter supplements those letters, copies of which are attached as Exhibit A and B and the terms of which are incorporated into this letter as if set forth in full.   On March 12, 2024, you responded to the February 26, 2024 letter and requested that MAIC reconsider its disclaimer of coverage.

I am writing to advise that MAIC is rescinding its Disclaimer of Coverage and substituting a Reservation of Rights.  MAIC will provide a defense to March Fwd, LLC for the action filed

**McANGUS GOUDELOCK & COURIE LLC**

against it in the Montgomery County Court of Common Pleas at docket no. 2023-23101 (the "Friedman action"). The Company Sponsored Life Insurnce Agents Professional Liability Insurance Policy coverage provided to March Fwd, LLC, Robert Babson, and Kevin Crowley is subject to a $ 1,500 deductible applicable to claim expenses (including your fees and costs) up to a $1,000,0000 limit of liability. MAIC expressly does not waive any of the coverage defenses set forth in its prior Coverage Position letters and incorporates the same herein as if set forth in full. MAIC further reserves the right to rely on other terms and conditions in the Policy to support a full disclaimer of its duty to defend and/or indemnify and to withdraw from its defense of March Fwd, LLC at any time. MAIC also reserves the right to seek declaratory relief regarding its duty to defend and/or indemnify March Fwd, LLC, in a court of competent jurisdiction.

MAIC's provision of a defense to March Fwd is subject to certain limitations:

First, MAIC reserves the right to appoint panel counsel to represent March Fwd. MAIC is agreeable to your firm continuing to represent March Fwd subject to your firm's agreement to abide by the terms and conditions of the Policy defense provisions, including, but not limited to, your firm's agreement to be reimbursed at panel rates, and to comply with MAIC's reporting requirements and guidelines. A copy of the Policy conditions regarding selection of counsel are attached as Exhibit B hereto. MAIC's customary panel counsel rate for the venue and nature of litigation in this matter is 275/240/125 per hour for partners, associates and paralegals, respectively.

Second, MAIC's agreement to provide a defense to March Fwd commences as of the date of service of the Friedman action only. MAIC will not reimburse any attorneys' fees or costs incurred prior to that date, notwithstanding whether such fees and costs were incurred in regard to the Notice of Circumstance forwarded to MAIC on or about July 6, 2023 or any other related services, as they were incurred neither in the defense of a Claim nor with the prior written consent of MAIC. In addition, the first $1,500 in fees and costs incurred after March Fwd's receipt of service of the Friedman action are the deductible obligation of the insured and not subject to reimbursement.

Third, MAIC understand through your letter to Plaintiff counsel dated March 21, 2024 that you may consider pursuing a counterclaim for abuse of process. MAIC does not take any position as to the merits of such a measure; however, any attorneys' fees or costs incurred would not be in defense of the Friedman action and therefore outside the scope of the Policy defense obligations.

Fourth, MAIC identifies additional coverage defenses to those raised in the February 26, 2024 letter.

> (a) the allegations in the Underlying Action may also invoke exclusion "E" which states the Policy does not apply to any claim "arising out of, based upon, or in consequence of, directly or indirectly resulting from or in any way involving any actual or alleged

    conversion, commingling, use, handling, entrustment, safeguarding, inability to pay or failure to pay premiums, funds or any form of money".

(b) the policy responds only to a claim for "Damages" as that term is defined in the policy. The Policy definition of Damages does not include "punitive or exemplary damages", or "any matters that are deemed uninsurable under the law". The <u>Friedman</u> action seeks to recover punitive damages which are not covered by the Policy and are uninsurable as a matter of law.

(c) the Policy definition of "Damages" also does not include the return, restitution, reduction, compromise or refund of commissions, fees or charges. To the extent that the <u>Friedman</u> action demand includes restitution or refund of commissions earned by March Fwd, LLC there is no coverage.

(d) Your letter to Lancer Claims dated March 12, 2024 indicates an intent to file a declaratory judgment action and bad faith claim. This may be obviated by MAIC's rescission of its disclaimer in favor of the Reservation of Rights set forth herein. As a precaution, we identify Policy Condition "D" which states no action shall be taken against MAIC until the amount of an Insured's obligation or liability to a third party has been finally determined by an award or judgment against an Insured in an actual adjudicatory proceeding.

We are also attaching a complete copy of the Policy for your further review and consideration in these regards.

Last, per your request, we have reviewed your letter of March 21, 2024 and attachments thereto, submitted for consideration in MAIC's agreement to review its disclaimer. That letter provides helpful information regarding credible defenses available to March Fwd in the <u>Friedman</u> action. Please understand that it has no bearing, however, on MAIC's review for coverage. MAIC is constrained to review only the allegations in the <u>Friedman</u> action for determining coverage and cannot review any extrinsic evidence under the Pennsylvania strict "Four Corners" rule. See, Sapa Extrusions v Liberty Mutual 939 F.3d 243 (2019). While MAIC does not accept any of the allegations in the <u>Friedman</u> action as true, it is bound by the same in reaching its coverage determination.

Please give me a call upon your receipt of this letter so that we can discuss it in further detail.

        Thank you.

        Very truly yours,

        Eric A. Fitzgerald, Esq., CPCU, CLU

cc:

<u>via email only</u>
Michele Cook
Sr Director – Coverage Team Lead
Lancer Claims Services