IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARKEL AMERICAN INSURANCE COMPANY<br><br>Plaintiff,<br><br>v.<br><br>MARCH FWD, LLC f/k/a MWEALTH ADVISORS,<br><br>Defendant. | Civil Action No. 2:24-cv-01438 |

**PLAINTIFF / COUNTERCLAIM DEFENDANT MARKEL AMERICAN INSURANCE COMPANY'S ANSWER WITH AFFIRMATIVE DEFENSES TO DEFENDANT / COUNTERCLAIM PLAINTIFF MARCH FWD, LLC F/K/A MWEALTH ADVISORS' COUNTERCLAIMS**

Plaintiff / Counterclaim Defendant, Markel American Insurance Company ("MAIC"), by and through its attorneys, McAngus Goudelock & Courie, hereby files this Answer with Affirmative Defenses to Defendant / Counterclaim Plaintiff, March Fwd, LLC f/k/a MWealth Advisors ("MWealth") Counterclaims and in support thereof, avers as follows:

**COUNTERCLAIM I
BAD FAITH CLAIM PURSUANT TO 42 PA.C.S.A. § 8371
MWEALTH V. MAIC**

51. MAIC incorporates by reference its Complaint for Declaratory Judgment as if set forth at length herein.

52. Denied. The allegations in Paragraph 52 of MWealth's Counterclaims constitute legal conclusions to which no response is required, and therefore, the allegations are specifically denied. To the extent these allegations are deemed factual, they are specifically denied. MAIC agreed to provide a defense to MWealth in the Underlying Action via letter dated April 5, 2024.

53.     Denied. The allegations in Paragraph 53 of MWealth's Counterclaims constitute legal conclusions to which no response is required, and therefore, the allegations are specifically denied. By way of further response, the Policy is a writing that speaks for itself and all characterizations thereof are specifically denied. To the extent these allegations are deemed factual, they are specifically denied. MAIC agreed to provide a defense to MWealth in the Underlying Action via letter dated April 5, 2024.

54.     Denied. The allegations in Paragraph 54 of MWealth's Counterclaims constitute legal conclusions to which no response is required, and therefore, the allegations are specifically denied. To the extent these allegations are deemed factual, they are specifically denied. MAIC agreed to provide a defense to MWealth in the Underlying Action via letter dated April 5, 2024.

55.     Denied. The allegations in Paragraph 55 of MWealth's Counterclaims constitute legal conclusions to which no response is required, and therefore, the allegations are specifically denied. To the extent these allegations are deemed factual, they are specifically denied. MAIC agreed to provide a defense to MWealth in the Underlying Action via letter dated April 5, 2024.

56.     Denied. The allegations in Paragraph 56 of MWealth's Counterclaims constitute legal conclusions to which no response is required, and therefore, the allegations are specifically denied. To the extent these allegations are deemed factual, they are specifically denied.

57.     Denied. The allegations in Paragraph 57 of MWealth's Counterclaims constitute legal conclusions to which no response is required, and therefore, the allegations are specifically denied. To the extent these allegations are deemed factual, they are specifically denied.

58.     Denied. The allegations in Paragraph 58 of MWealth's Counterclaims constitute legal conclusions to which no response is required, and therefore, the allegations are specifically

denied. To the extent these allegations are deemed factual, they are specifically denied. MAIC agreed to provide a defense to MWealth in the Underlying Action via letter dated April 5, 2024.

59. Denied. The allegations in Paragraph 59 of MWealth's Counterclaims constitute legal conclusions to which no response is required, and therefore, the allegations are specifically denied. To the extent these allegations are deemed factual, they are specifically denied.

**WHEREFORE**, MAIC requests that judgment be entered in its favor and against MWealth, dismissing MWealth's Counterclaims with prejudice; awarding attorneys' fees, costs and interest to MAIC; and granting such further relief as the Court deems appropriate.

## COUNTERCLAIM II
## BREACH OF CONTRACT
## MWEALTH V. MAIC

60. MAIC incorporates by reference its Complaint for Declaratory Judgment and its responses to Paragraphs 51 through 59 of MWealth's Counterclaims as if set forth at length herein.

61. Admitted in part; denied in part. MAIC only admits that the Policy is a contract with MWealth. MAIC specifically denies the remaining allegations in Paragraph 61 of MWealth's Counterclaims. By way of further response, the Policy is a writing that speaks for itself and all characterizations thereof are specifically denied. To the extent the remaining allegations are deemed factual, they are specifically denied. MWealth is not entitled to coverage for reasons set forth more fully in MAIC's Complaint for Declaratory Judgment.

62. Admitted in part; denied in part. MAIC only admits that MWealth paid its premiums owed under the Policy. MAIC specifically denies the remaining allegations in Paragraph 62 of MWealth's Counterclaims. By way of further response, the remaining allegations in Paragraph 62 of MWealth's Counterclaims constitute legal conclusions to which

no response is required, and therefore, the allegations are specifically denied. Moreover, the remaining allegations in Paragraph 62 of MWealth's Counterclaims are specifically denied as MWealth failed to perform other duties owed under the Policy. Finally, the Policy is a writing that speaks for itself and all characterizations thereof are specifically denied. To the extent the remaining allegations are deemed factual, they are specifically denied. MWealth is not entitled to coverage for reasons set forth more fully in MAIC's Complaint for Declaratory Judgment.

63. Denied. The allegations in Paragraph 63 of MWealth's Counterclaims constitute legal conclusions to which no response is required, and therefore, the allegations are specifically denied. By way of further response, the Policy is a writing that speaks for itself and all characterizations thereof are specifically denied. To the extent these allegations are deemed factual, they are specifically denied. MWealth is not entitled to coverage for reasons set forth more fully in MAIC's Complaint for Declaratory Judgment.

64. Denied. The allegations in Paragraph 64 of MWealth's Counterclaims constitute legal conclusions to which no response is required, and therefore, the allegations are specifically denied. By way of further response, the Policy is a writing that speaks for itself and all characterizations thereof are specifically denied. To the extent these allegations are deemed factual, they are specifically denied. MWealth is not entitled to coverage for reasons set forth more fully in MAIC's Complaint for Declaratory Judgment.

65. Denied. The allegations in Paragraph 65 of MWealth's Counterclaims are specifically denied and MAIC demands strict proof of MWealth's alleged damages. By way of further response, the allegations in Paragraph 65 of MWealth's Counterclaims constitute legal conclusions to which no response is required, and therefore, the allegations are specifically denied. Moreover, the Policy is a writing that speaks for itself and all characterizations thereof

are specifically denied. To the extent these allegations are deemed factual, they are specifically denied. MAIC agreed to provide a defense to MWealth in the Underlying Action via letter dated April 5, 2024. However, MWealth is not entitled to coverage for reasons set forth more fully in MAIC's Complaint for Declaratory Judgment.

**WHEREFORE**, MAIC requests that judgment be entered in its favor and against MWealth, dismissing MWealth's Counterclaims with prejudice; awarding attorneys' fees, costs and interest to MAIC; and granting such further relief as the Court deems appropriate.

**COUNTERCLAIM III**
**BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING**
**MWEALTH V. MAIC**

66. MAIC incorporates by reference its Complaint for Declaratory Judgment and its responses to Paragraphs 51 through 65 of MWealth's Counterclaims as if set forth at length herein.

67. Denied. The allegations in Paragraph 67 of MWealth's Counterclaims constitute legal conclusions to which no response is required, and therefore, the allegations are specifically denied. To the extent these allegations are deemed factual, they are specifically denied. MWealth is not entitled to coverage for reasons set forth more fully in MAIC's Complaint for Declaratory Judgment.

68. Denied. The allegations in Paragraph 68 of MWealth's Counterclaims constitute legal conclusions to which no response is required, and therefore, the allegations are specifically denied. By way of further response, the Policy is a writing that speaks for itself and all characterizations thereof are specifically denied. To the extent these allegations are deemed factual, they are specifically denied. MWealth is not entitled to coverage for reasons set forth more fully in MAIC's Complaint for Declaratory Judgment.

69. Denied. The allegations in Paragraph 69 of MWealth's Counterclaims constitute legal conclusions to which no response is required, and therefore, the allegations are specifically denied. By way of further response, the Policy is a writing that speaks for itself and all characterizations thereof are specifically denied. To the extent these allegations are deemed factual, they are specifically denied. MWealth is not entitled to coverage for reasons set forth more fully in MAIC's Complaint for Declaratory Judgment.

70. Denied. The allegations in Paragraph 70 of MWealth's Counterclaims constitute legal conclusions to which no response is required, and therefore, the allegations are specifically denied. By way of further response, the Policy is a writing that speaks for itself and all characterizations thereof are specifically denied. To the extent these allegations are deemed factual, they are specifically denied. MWealth is not entitled to coverage for reasons set forth more fully in MAIC's Complaint for Declaratory Judgment.

71. Denied. The allegations in Paragraph 71 of MWealth's Counterclaims constitute legal conclusions to which no response is required, and therefore, the allegations are specifically denied. By way of further response, the Policy is a writing that speaks for itself and all characterizations thereof are specifically denied. To the extent these allegations are deemed factual, they are specifically denied. MWealth is not entitled to coverage for reasons set forth more fully in MAIC's Complaint for Declaratory Judgment.

72. Denied. The allegations in Paragraph 72 of MWealth's Counterclaims constitute legal conclusions to which no response is required, and therefore, the allegations are specifically denied. By way of further response, the Policy is a writing that speaks for itself and all characterizations thereof are specifically denied. To the extent these allegations are deemed

factual, they are specifically denied. MWealth is not entitled to coverage for reasons set forth more fully in MAIC's Complaint for Declaratory Judgment.

73. Denied. The allegations in Paragraph 73 of MWealth's Counterclaims constitute legal conclusions to which no response is required, and therefore, the allegations are specifically denied. By way of further response, the Policy is a writing that speaks for itself and all characterizations thereof are specifically denied. To the extent these allegations are deemed factual, they are specifically denied. MWealth is not entitled to coverage for reasons set forth more fully in MAIC's Complaint for Declaratory Judgment.

74. Denied. The allegations in Paragraph 74 of MWealth's Counterclaims constitute legal conclusions to which no response is required, and therefore, the allegations are specifically denied. By way of further response, the Policy is a writing that speaks for itself and all characterizations thereof are specifically denied. To the extent these allegations are deemed factual, they are specifically denied. MWealth is not entitled to coverage for reasons set forth more fully in MAIC's Complaint for Declaratory Judgment.

**WHEREFORE**, MAIC requests that judgment be entered in its favor and against MWealth, dismissing MWealth's Counterclaims with prejudice; awarding attorneys' fees, costs and interest to MAIC; and granting such further relief as the Court deems appropriate.

### COUNTERCLAIM IV
### REQUEST FOR DECLARATORY JUDGMENT
### <u>MWEALTH V. MAIC</u>

75. MAIC incorporates by reference its Complaint for Declaratory Judgment and its responses to Paragraphs 51 through 74 of MWealth's Counterclaims as if set forth at length herein.

76. Denied. The allegations in Paragraph 76 of MWealth's Counterclaims constitute legal conclusions to which no response is required, and therefore, the allegations are specifically denied. By way of further response, the Policy is a writing that speaks for itself and all characterizations thereof are specifically denied. To the extent these allegations are deemed factual, they are specifically denied. MWealth is not entitled to coverage for reasons set forth more fully in MAIC's Complaint for Declaratory Judgment.

77. Denied. The allegations in Paragraph 77 of MWealth's Counterclaims constitute legal conclusions to which no response is required, and therefore, the allegations are specifically denied. By way of further response, the Policy is a writing that speaks for itself and all characterizations thereof are specifically denied. To the extent these allegations are deemed factual, they are specifically denied. MWealth is not entitled to coverage, including declaratory relief, for reasons set forth more fully in MAIC's Complaint for Declaratory Judgment.

**WHEREFORE**, MAIC, respectfully requests that the Court Declare that:

a. MAIC has no duty to defend MWealth in the lawsuit titled *Paul and Marie Friedman v. March Fwd, LLC f/k/a MWealth Advisors and Lake Forest Bank & Trust Company, N.A. d/b/a Wintrust Life Finance*, filed under Civil Action No. 2023-23101, currently pending in the Montgomery County, PA Court of Common Pleas;

b. MAIC has no duty to indemnify MWealth in the lawsuit titled *Paul and Marie Friedman v. March Fwd, LLC f/k/a MWealth Advisors and Lake Forest Bank & Trust Company, N.A. d/b/a Wintrust Life Finance*, filed under Civil Action No. 2023-23101, currently pending in the Montgomery County, PA Court of Common Pleas; and

c. MAIC is entitled to judgment in its favor and against MWealth, dismissing MWealth's Counterclaims with prejudice; awarding attorneys' fees, costs and interest to MAIC; and granting such further relief as the Court deems appropriate.

## **AFFIRMATIVE DEFENSES**

1. MWealth's Counterclaims fail to state a claim, in whole or in part, upon which relief can be granted.

2. MWealth's Counterclaims fail to set forth facts which are sufficient to support a claim for Breach of Contract.

3. MWealth's Counterclaims fail to set forth facts which are sufficient to support a claim for Breach of the Duty of Good Faith and Fair Dealing.

4. MWealth's Counterclaims fail to set forth facts which are sufficient to support a claim for Bad Faith.

5. MWealth's Counterclaims fail to set forth facts which are sufficient to support Declaratory Judgment in favor of MWealth.

6. MWealth's Counterclaims are barred or otherwise limited by the applicable Statute of Limitations, Statute of Repose, and/or Statute of Frauds, the relevant portions of which are incorporated herein by reference.

7. MWealth's Counterclaims are barred by MWealth's failure to attach the relevant agreements to the pleadings.

8. MWealth caused or contributed to the happenings alleged in the Counterclaims through its own voluntary, intentional, willful, reckless, and/or negligent acts and/or omissions.

9. MWealth has failed to mitigate its damages, if any.

10. MWealth's alleged damages are speculative and, as a result, not actionable.

11. If the allegations of MWealth with respect to injury, loss, or damage are true, said allegations being specifically denied by MAIC, then MAIC avers that the injury, loss, or damage was the result of a superseding and/or intervening cause.

12. If the allegations of MWealth with respect to injury, loss, or damage are true, said allegations being specifically denied by MAIC, then MAIC avers that the injury, loss, or damage was not the result of conduct on the part of MAIC, but rather the result of conduct of other entities, municipalities, governmental authorities, and/or individuals who may or may not be parties to this lawsuit and over whom MAIC had no control or right or duty to control.

13. MWealth's demand for coverage is reduced and/or offset by coverage under other policies under which MWealth is insured, regardless of whether such other insurance has been requested or provided.

14. The MAIC Policy does not afford any coverage to MWealth as a result of the MAIC Policy Promissory Notes Exclusion.

15. MWealth is not entitled to compensatory, consequential, exemplary or punitive damages.

16. MWealth is not entitled to attorneys' fees, interest or costs.

17. MAIC has complied with all obligations under the Policy with respect to the claim(s) and/or loss(es) at issue and has otherwise acted in good faith with respect to the claim(s) and claim(s) handling here at issue.

18. MAIC reserves the right to assert any other Affirmative Defense, cross-claims and/or joinder claims, by way of amended answer or otherwise, that may be identified based upon further investigation or discovery.

**WHEREFORE**, MAIC requests that judgment be entered in its favor and against MWealth, dismissing MWealth's Counterclaims with prejudice; awarding attorneys' fees, costs and interest to MAIC; and granting such further relief as the Court deems appropriate.

**McANGUS GOUDELOCK & COURIE, LLC**

*Joseph G. Grady*

_____
Eric A. Fitzgerald, Esq.
Joseph G. Grady, Esq.
PA Identification Nos. 72590, 322874
Mailing Address: P.O. Box 12519
Columbia, SC 29211
2000 Market Street, Suite 2850
Philadelphia, PA 19103
T: (484) 406-4334 / F: (215) 501-5374
eric.fitzgerald@mgclaw.com
joe.grady@mgclaw.com
*Attorneys for Plaintiff*
*Markel American Insurance Company*

Dated: September 12, 2024

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MARKEL AMERICAN INSURANCE COMPANY<br><br>              Plaintiff,<br><br>     v.<br><br>MARCH FWD, LLC f/k/a MWEALTH ADVISORS,<br><br>              Defendant. | Civil Action No. 2:24-CV-01438-JS |

**CERTIFICATE OF SERVICE**

I, Joseph G. Grady, hereby certify that on September 12, 2024 a true and correct copy of the foregoing Answer with Affirmative Defenses was served upon all counsel of record via the Court's electronic filing system.

                                      **McANGUS GOUDELOCK & COURIE, LLC**

                                      */s/ Joseph G. Grady*

                                      Joseph G. Grady, Esq.
                                      PA Identification No. 322874
                                      **Mailing Address: P.O. Box 12519**
                                      **Columbia, SC 29211**
                                      2000 Market Street, Suite 2850
                                      Philadelphia, PA 19103
                                      T: (484) 406-4128
                                      joe.grady@mgclaw.com
                                      *Attorney for Plaintiff*
                                      *Markel American Insurance Company*