IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARKEL AMERICAN INSURANCE COMPANY<br><br>Plaintiff,<br><br>v.<br><br>MARCH FWD, LLC f/k/a MWEALTH ADVISORS,<br><br>Defendant. | Civil Action No. 2:24-cv-01438 |

**PLAINTIFF / COUNTERCLAIM DEFENDANT MARKEL AMERICAN INSURANCE COMPANY'S MOTION FOR JUDGMENT ON THE PLEADINGS <u>PURSUANT TO FED. R. CIV. P. 12(c)</u>**

Plaintiff / Counterclaim Defendant, Markel American Insurance Company ("MAIC"), by and through its attorneys, McAngus Goudelock & Courie, LLC, files this Motion for Judgment on the Pleadings seeking a declaration that it is not required to defend or indemnify Defendant / Counterclaim Plaintiff, March Fwd, LLC f/k/a MWealth Advisors ("MWealth"), in connection with a lawsuit titled <u>Paul and Marie Friedman v. March Fwd, LLC f/k/a MWealth Advisors and Lake Forest Bank & Trust Company, N.A. d/b/a Wintrust Life Finance</u>, currently pending in the Montgomery County, PA Court of Common Pleas and filed under Civil Action No. 2023-23101 (the "<u>Friedman</u> Action")(a copy of the Amended Complaint in the <u>Friedman</u> Action is attached hereto as Exhibit "A").

The <u>Friedman</u> Complaint avers that MWealth's principal, Mr. Babson, executed a Master Promissory Note to effectuate a single, unified "scheme"[1] upon the Friedmans. The alleged scheme had three components: (a) overvaluing the Friedmans' business to justify the issuance of

---

[1] "This matter arises out of a scheme to take advantage of an enterprising young couple by selling them tens of millions of dollars in unsuitable life insurance policies" (Exhibit "A" at ¶ 1).

life insurance policies with excessive face values; (b) naming Mr. Babson as Trustee of certain trusts in the Friedman's names; and (c) financing premiums for the life insurance policies through a Promissory Note executed by Mr. Babson as Trustee for the Friedmans. The Promissory Note indebted the Friedmans to co-defendant Wintrust Life Finance in the amount of $809,499.00[2]. The life insurance policies carried a combined face amount of just under $30,000,000.00, with annual premiums of approximately $300,000. (Exhibit "A" at ¶¶ 30-31).

The Friedmans allege Mr. Babson told them "they would never have to pay out-of-pocket to maintain the Penn Mutual Policies"; however, the financial scheme instead plunged them into irrecoverable financial debt solely to generate substantial commissions for MWealth. (Exhibit "A" at ¶¶ 26, 33, 44).

MAIC issued a Company Sponsored Life Insurance Agents Professional Liability Master Policy (Master Policy No. MKLM7PLCA00065) (the "Policy") to MWealth. A copy of the MAIC Policy is attached hereto as Exhibit "B").

The MAIC policy has an applicable exclusion as follows:

***SECTION VI- EXCLUSIONS***

>  *This Policy shall not apply to, and the Insurer shall pay neither Damages nor Claim Expenses for, any Claim:*
>
>  > U.   *Arising out of, based upon or in consequence of, directly or indirectly resulting from or in any way involving:*
>  >
>  >  > 1.   *Promissory notes, viatical or life settlements involving terminally ill clients in accordance with the definition of "terminally ill" by the relevant state, or any Securities back by*

---

[2] The Friedman Complaint alleges that the Promissory Note obligation later ballooned to an outstanding principal of $2,376,848.56. (Exhibit "A" at ¶ 44).

2

> *promissory notes or such viatical settlements;*

Absent the alleged execution of the Master Promissory Note by Mr. Babson, the alleged "scheme" could not have been effected.[3] As such, it unquestionably "arose out of, was based upon, was in consequence of, and directly or indirectly resulted from * * * (a) "Promissory note" and all of the allegations in the Amended Complaint fall within the scope of the exclusion.

The Middle District of Pennsylvania addressed a similar exclusion in a professional liability policy in Cont'l Cas. Co. v. Adams, No. 3:CV-02-1122, 2003 U.S. Dist. LEXIS 16434 (M.D. Pa. Sept. 12, 2003). Chief Justice Vanaskie ruled that an alleged check-kiting scheme fell entirely within an applicable exclusion for claims involving an entity other than the named insured. Noting that identical lead-in language to the exclusion at issue was exceptionally broad,[4] Justice Vanaskie held the scheme at issue could not have been perpetrated but for the excluded activity and the policy had no duty to defend or indemnify the same as a matter of law. Id.

Here, the entire Friedman Action is also premised on a single, alleged "scheme". And, like the Adams case, the scheme alleged in the underlying Friedman Complaint could not have been effected without the insured executing the Promissory Note which financed the life insurance policies at issue.

---

[3] "To subsidize the hundreds of thousands of dollars in annual premium payments demanded of them by the Penn Mutual Policies, Plaintiffs were advised to seek premium financing services from Wintrust Life Finance. * * * Andrew Babson, the trustee of the Friedman Family Trusts, executed a Master Promissory Note dated October 28, 2021 with Wintrust Life Finance". (Exhibit "A" at ¶¶ 34-35).

[4] "the parties have not cited, and research has failed to disclose, any case applying an exclusion as broadly worded as Exclusion L". Id at 24-25.

As such, the entire Friedman Action falls within the scope of Exclusion "U" in the MAIC policy and MAIC is entitled to a judicial declaration that it has no duty to defend or indemnify Mwealth in the underlying Friedman Action.

Moreover, MAIC is entitled to dismissal of MWealth's counterclaims for bad faith, breach of contract, breach of duty of good faith and fair dealing and request for declaratory judgment, as the Promissory Notes Exclusion bars coverage for any claims or losses in the Friedman Action in the first instance.

**WHEREFORE**, MAIC respectfully requests that this Honorable Court enter judgment in its favor declaring that MAIC does not owe defense or indemnity to MWealth in the Friedman Action and dismissing MWealth's Counterclaims against MAIC in this matter with prejudice.

    Respectfully submitted,

    **McANGUS GOUDELOCK & COURIE, LLC**

    Eric A. Fitzgerald, Esq.
    Joseph G. Grady, Esq.
    PA Identification Nos. 72590, 322874
    Mailing Address: P.O. Box 12519
    Columbia, SC 29211
    2000 Market Street, Suite 2850
    Philadelphia, PA 19103
    T: (484) 406-4334 / F: (215) 501-5374
    eric.fitzgerald@mgclaw.com
    joe.grady@mgclaw.com
    *Attorneys for Plaintiff / Counterclaim Defendant*
    *Markel American Insurance Company*

Dated: November 21, 2024