# **EXHIBIT A**

Case# 2023-23101-20 Docketed at Montgomery County Prothonotary on 02/14/2024 7:04 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA**

PAUL FRIEDMAN

vs.

MARCH FWD LLC

NO.  2023-23101

## <u>NOTICE TO DEFEND – CIVIL</u>

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERENCE SERVICE
MONTGOMERY BAR ASSOCIATION
100 West Airy Street (REAR)
NORRISTOWN, PA

19404-0268 (610) 279-9660, EXTENSION 201

PRIF0034
R 10/11

Case# 2023-23101-20 Docketed at Montgomery County Prothonotary on 02/14/2024 7:04 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## IN THE COURT OF COMMON PLEAS OF
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| **PAUL and MARIE FRIEDMAN,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 2023-23101** |
| | : | |
| **MARCH FWD, LLC f/k/a** | : | |
| **MWEALTH ADVISORS and** | : | |
| **LAKE FOREST BANK & TRUST** | : | |
| **COMPANY, N.A. d/b/a** | : | **JURY TRIAL DEMANDED** |
| **WINTRUST LIFE FINANCE,** | : | |
| | : | |
| **Defendants.** | : | |

### <u>NOTICE TO DEFEND-CIVIL</u>

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERENCE SERVICE
MONTGOMERY BAR ASSOCIATION
100 West Airy Street (REAR)
NORRISTOWN, PA 19401
(610) 279-9660, EXTENSION 201

Case# 2023-23101-20 Docketed at Montgomery County Prothonotary on 02/14/2024 7:04 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## IN THE COURT OF COMMON PLEAS OF
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| **PAUL and MARIE FRIEDMAN,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 2023-23101** |
| | : | |
| **MARCH FWD, LLC f/k/a** | : | |
| **MWEALTH ADVISORS and** | : | |
| **LAKE FOREST BANK & TRUST** | : | |
| **COMPANY, N.A. d/b/a** | : | **JURY TRIAL DEMANDED** |
| **WINTRUST LIFE FINANCE,** | : | |
| | : | |
| **Defendants.** | : | |

## AMENDED COMPLAINT

Plaintiffs Paul Friedman and Marie Friedman ("Plaintiffs" or "the Friedmans"), by and through their undersigned counsel, bring the following Amended Complaint against Defendants March Fwd, LLC f/k/a MWealth Advisors and Lake Forest Bank & Trust Company, N.A. d/b/a Wintrust Life Finance (collectively, "Defendants") and allege as follows:

## THE PARTIES

1.     This matter arises out of a scheme to take advantage of an enterprising young couple by selling them tens of millions of dollars in unsuitable life insurance policies.

Case# 2023-23101-20 Docketed at Montgomery County Prothonotary on 02/14/2024 7:04 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

2.      Plaintiffs, Paul and Marie Friedman, are husband and wife, who have a home address of 239 Buckboard Road, Willow Grove, Montgomery County, Pennsylvania, 19090.

3.      Mr. and Mrs. Friedman own a business, Anvil Stucco Remediation and Restoration ("Anvil"), which provides their primary source of income.

4.      Mr. and Mrs. Friedman, despite being hard-working entrepreneurs, have no background or knowledge in finance, economics, valuations, or wealth management.

5.      Upon information and belief, Defendant March Fwd, LLC, f/k/a MWealth Advisors ("MWealth")[1], is a Pennsylvania limited liability company with a principal place of business at 918 Maple Street, Conshohocken, Montgomery County, Pennsylvania 19428.

6.      Services that MWealth claims to provide include, *inter alia*, private wealth management, business planning, protection and insurance planning, estate preservation, tax minimization strategies, legacy planning, and charitable planning.

7.      Among MWealth's principals are Marc J. Bernstein, Kevin Crowley, and Andrew Babson.

---

[1] For purposes of clarity, Defendant March Fwd will be referred to as MWealth, which was the name of the entity at the time that the Friedmans' conducted business.

2

Case# 2023-23101-20 Docketed at Montgomery County Prothonotary on 02/14/2024 7:04 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

8.    Upon information and belief, Defendant Lake Forest Bank & Trust Company, N.A. d/b/a Wintrust Life Finance ("Wintrust Life Finance") is a national bank which maintains a place of business at One Newark Center, Suite 2200, 1085 Raymond Boulevard, Newark, New Jersey.

9.    Wintrust Life Finance engages in the provision of life insurance premium financing, a type of loan used to purchase life insurance policies.

## JURISDICTION AND VENUE

10.    This Court has subject matter jurisdiction over this matter pursuant to 42 P.S. § 931(a) because it has "unlimited original jurisdictions of all actions and proceedings."

11.    This Court has personal jurisdiction over Defendants because they conduct business in the Commonwealth of Pennsylvania.

12.    This Court has specific personal jurisdiction over Defendants because each defendant has sufficient minimum contacts with Pennsylvania, and the instant litigation arises from their continuous and frequent presence in, and contacts with, the Commonwealth.

13.    Venue is proper in this jurisdiction pursuant to Pa. R. Civ. P. 2179(a) because (1) Montgomery County is where the causes of action arose, and (2) Montgomery County is where numerous transactions and occurrences have taken place from which Plaintiffs' causes of actions arise.

Case# 2023-23101-20 Docketed at Montgomery County Prothonotary on 02/14/2024 7:04 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## FACTUAL BACKGROUND

14.     In and around 2020, the Friedmans became acquainted with MWealth principal Andrew Babson, who soon became, or so the Friedmans believed, a close, trusted friend of the Friedmans.

15.     The Friedmans saw and communicated regularly with Mr. Babson, and they came to view Babson as a well-connected, knowledgeable individual in the business world.  The Friedmans now believe that Mr. Babson engaged in a deliberate and calculated campaign to deceive the Friedmans for the purpose of Mr. Babson's own financial gain and to the Friedmans' detriment.

16.     Based upon that false foundation of friendship and trust, and on the advice of Babson, Plaintiffs engaged Babson's firm, MWealth Advisors, for the purpose of developing a comprehensive wealth management strategy, including maximizing the benefits of their business income, managing their assets, and contingency planning to protect their livelihood and the financial wellbeing of their children.

17.     As part of the supposed wealth management strategy, MWealth advised the Friedmans and facilitated the development of various estate planning documents, including the creation of two trusts:  The Irrevocable Trust of Paul Friedman, and the Irrevocable Trust of Marie Friedman, both of which were dated June 7, 2021.

Case# 2023-23101-20 Docketed at Montgomery County Prothonotary on 02/14/2024 7:04 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

18.    To develop the estate planning documents, MWealth referred the Friedmans to a law firm, which, upon information and belief, was frequently used by MWealth to draft similar estate planning documents for MWealth clients.

19.    Concurrent with the creation of the trusts, MWealth advised the Friedmans to apply for two whole life insurance policies through the Penn Mutual Life Insurance Company ("Penn Mutual"), with the aforementioned Friedman Family Trusts serving as the owners of the life insurance policies.

20.    In a direct conflict of interest both individually and for his company, MWealth officer and insurance broker of record for the Friedmans, Andrew Babson, advised the Friedmans to name him as trustee for both of the subject Friedman Family Trusts.

21.    MWealth further advised the Friedmans that the value of their business, Anvil Stucco Remediation and Restoration, qualified them for large amounts of life insurance.

22.    The Friedmans relied completely on MWealth to formulate a valuation of Anvil. They had no independent basis on which to evaluate the business.

23.    MWealth advised the Friedmans that the total value of Anvil in 2021 was $20 million, and the estimated future value of Anvil would grow to over $120 million by the year 2030.

Case# 2023-23101-20 Docketed at Montgomery County Prothonotary on 02/14/2024 7:04 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

24.    MWealth's valuations of Anvil proved, unbeknownst to the Friedmans, to be wildly inflated and not based on any accepted standards for valuation of a business entity.

25.    The Friedmans paid MWealth a sum of $15,000 for financial planning services, including the business valuation.

26.    In time, it would become apparent that the purpose of MWealth's valuation was not to accurately appraise Anvil, but was solely and deliberately to generate income for MWealth and its principals; first by securing a large fee for a false and flawed business valuation, and second, to importune the Friedmans to buy life insurance at a level they did not need and was unjustified by any reasonable financial analysis; but which generated huge commissions for MWealth.

27.    Upon information and belief, MWealth intentionally, artificially inflated the value of the Friedmans' business to boost the face value of the Penn Mutual Policies for the purpose of maximizing the commission MWealth would receive as insurance brokers of record.

28.    MWealth instructed the Friedmans to list $20 million as the total value of their business assets on the applications for the Penn Mutual Policies.

29.    Given their complete lack of experience in business valuation, the Friedmans repeatedly placed their trust in the purported expertise of the individuals

Case# 2023-23101-20 Docketed at Montgomery County Prothonotary on 02/14/2024 7:04 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

at MWealth to calculate Anvil's value. MWealth knew when giving this advice there was a material likelihood the advice was false.

30.     Effective on or about September 18, 2021, Penn Mutual issued a whole life policy held by the Irrevocable Trust of Marie Friedman. This policy carried a face amount of $4,444,820, with an annual premium payment of $38,563.26.

31.     Effective on or about November 4, 2021, Penn Mutual issued a whole life insurance policy held by the Irrevocable Trust of Paul Friedman. This policy carried a face amount of $25 million, with an annual premium payment of $263,200.

32.     Despite MWealth's assurance to the contrary, the face amounts of the Penn Mutual policies were outrageously excessive for the Friedmans, unsuitable for their needs, and shockingly financially burdensome.

33.     MWealth advised the Friedmans that they would never have to pay out-of-pocket to maintain the Penn Mutual Policies.

34.     To subsidize the hundreds of thousands of dollars in annual premium payments demanded of them by the Penn Mutual Policies, Plaintiffs were advised to seek premium financing services from Wintrust Life Finance.

35.     Andrew Babson, the trustee of the Friedman Family Trusts, executed a Master Promissory Note dated October 28, 2021 with Wintrust Life Finance for a variable rate loan of $809,499.00. This was a further act of conflict of interest between his duties as trustee and his self-interest in gaining income.

Case# 2023-23101-20 Docketed at Montgomery County Prothonotary on 02/14/2024 7:04 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

36.    Plaintiffs were listed as the guarantors of the Wintrust Life Finance premium financing loan.

37.    As collateral for the loan, in addition to the value of the Penn Mutual Policies, the Friedmans obtained, at Babson's direction, letters of credit secured by real property owned by the Friedmans with an address of 917 S. 19th Street, Philadelphia, Pennsylvania 19146.

38.    In issuing the loan, Wintrust Life Finance knew or should have known that the premium financing arrangement was wholly unsuitable and unsustainable for the Friedmans.

39.    Upon information and belief, at the time Wintrust issued the premium financing loan for the Friedmans' policies, the fact had become nationally known, particularly throughout the insurance and lending industries, that premium financing arrangements on such life insurance policies were exceptionally complex, risky, and posed a significant financial danger to borrowers and/or policyholders.

40.    So well-known was the danger of such premium financing arrangements, at the time Wintrust was recklessly issuing premium financing loans in 2021, other entities were scaling back their premium financing services or implementing additional safeguards to mitigate risk to borrowers.[2]

---

[2] Ed Leefeldt, '*Free Multimillion-Dollar Life Insurance' Has Some Insurers Running For The Exits*, Forbes Advisor, November 16, 2021, https://www.nasdaq.com/articles/free-multimillion-dollar-life-insurance-has-some-insurers-running-for-the-exits.

8

Case# 2023-23101-20 Docketed at Montgomery County Prothonotary on 02/14/2024 7:04 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

41.    MWealth advised the Friedmans to take on debt, with a variable-rate interest, at a time when interest rates were to begin rising nationwide.

42.    Initially, the interest rate on Wintrust Life Finance's loan to the Friedmans was 2.75% per annum.

43.    However, the interest rate on the Wintrust Life Finance loan eventually ballooned to 7.34% per annum.

44.    The most recent renewal package from Wintrust Life Finance demands an interest payment of $167,437.81 on an outstanding principal of $2,376,848.56.

45.    Upon information and belief, Wintrust Life Finance is knowingly complicit and engages in a pattern and practice of supplying variable-rate premium financing loans on grossly excessive whole life insurance policies.

46.    Upon information and belief, through this deceptive, predatory practice of issuing improper premium financing loans, Wintrust Life Finance reaps large profits through interest and collateral liquidation at the expense of borrowers who have been misled into unsuitable whole life insurance policies.

47.    Due to the deceptive and predatory practices of Defendants, alone and in combination, Plaintiffs were fitted with grossly unsuitable life insurance policies which have exposed Plaintiffs to huge out-of-pocket costs and continuously mounting financial obligations.

Case# 2023-23101-20 Docketed at Montgomery County Prothonotary on 02/14/2024 7:04 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

48.    The conduct of MWealth, through its agents and employees, and as set forth above, indicates disregard for the rights of the Friedmans and constitutes conduct sufficiently outrageous as to be a foundation for the recovery of punitive damages where such recovery is allowed by law.

## COUNT I

### Claim under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-3

### Plaintiffs Paul and Marie Friedman v. March Fwd, LLC f/k/a MWealth Advisors

49.    Plaintiffs incorporate Paragraphs 1 through 48 as if fully set forth herein at length.

50.    The Unfair Trade Practices and Consumer Protection Law ("UTPCPL") prohibits "[u]nfair methods of competition" and "unfair or deceptive acts or practices in the conduct of any trade or commerce."  73 P.S. § 201-3.

51.    Among the definitions of the UTPCPL's prohibited conduct is a "catchall" provision which prohibits "[e]ngaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." 73 P.S. § 201-2(4)(xxi).

52.    The UTPCPL provides for a private right of action for breaches of the above-described conduct.  73 P.S. § 201-9.2.

Case# 2023-23101-20 Docketed at Montgomery County Prothonotary on 02/14/2024 7:04 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

53.    Plaintiffs sought and paid for services, including wealth management and financial planning from MWealth.

54.    Plaintiffs' purpose in obtaining these services was to protect their personal wealth and assets and to provide for the financial well-being of their family.

55.    Agents of MWealth, including, but not limited to, Andrew Babson and Kevin Crowley, engaged in fraudulent and/or deceptive conduct in providing financial advising services to the Friedmans.

56.    Defendant MWealth's improper conduct includes:

a)    Brokering grossly unsuitable whole life insurance policies to Plaintiffs;

b)    Misrepresenting the value of Plaintiffs' business which facilitated the issuance of the grossly unsuitable life insurance policies;

c)    Enabling a direct conflict of interest by advising Plaintiffs to appoint their insurance broker, MWealth principal Andrew Babson, as trustee of the Friedman Family Trusts, which are the owners of the grossly unsuitable Penn Mutual whole life insurance policies; and

d)    Obtaining, through Andrew Babson as trustee of the Friedman Family Trusts, a variable rate premium financing loan through

Case# 2023-23101-20 Docketed at Montgomery County Prothonotary on 02/14/2024 7:04 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Wintrust Life Finance, secured by Plaintiffs' personal property, to fund the premiums demanded by the grossly unsuitable whole life insurance policies.

57.    Such fraudulent and/or deceptive conduct has resulted in financial losses for the Friedmans in the form of out-of-pocket payments to fund the premium payments necessary to maintain the grossly unsuitable whole life insurance policies.

58.    The Friedmans have suffered further damages in the form of interest payments to Wintrust Life Finance to maintain their premium financing loan, the default on which would result in catastrophic losses, including the loss of the Friedmans' real property, which secures the loan's collateral.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendant March Fwd, LLC f/k/a MWealth Advisors, and request the Court award compensatory and/or punitive damages to Plaintiffs in excess of $50,000.00, together with any other relief this Court deems just and appropriate.

### COUNT II

**Claim under the Pennsylvania Unfair Trade Practices and
Consumer Protection Law, 73 P.S. § 201-3**

**<u>Plaintiffs Paul and Marie Friedman v. Lake Forest Bank & Trust
Company, N.A. d/b/a Wintrust Life Finance</u>**

59.    Plaintiffs incorporate Paragraphs 1 through 58 as if fully set forth herein at length.

Case# 2023-23101-20 Docketed at Montgomery County Prothonotary on 02/14/2024 7:04 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

60.    Andrew Babson, as trustee of the Friedman Family Trusts, obtained a variable rate premium financing loan from Defendant Wintrust Life Finance, secured by Plaintiffs' personal property, to fund the premiums demanded by the grossly unsuitable whole life insurance policies.

61.    Upon information and belief, Defendant Wintrust Life Finance was complicit in the establishment of a grossly unsuitable life insurance financing arrangement, which included the issuance of a premium financing loan to fund payments on excessive whole life insurance policies.

62.    In evaluating the appropriateness of a premium financing loan in this circumstance, Wintrust Life Finance knew or was willfully ignorant of the unsuitability the whole life insurance policies for Plaintiffs and proceeded with the loan in the anticipation of receiving considerable amounts of interest payments.

63.    Wintrust Life Finance issued a premium financing loan to the Friedmans at a time when other entities in the insurance industry were scaling back their premium-financed policy business, in the face of a nationally – and industry-wide – recognition of the inherent riskiness of these complex financial arrangements.

64.    Upon information and belief, Wintrust Life Finance engages in a pattern and practice of issuing premium financing loans on similarly inappropriate, unsuitable whole life insurance plans.

Case# 2023-23101-20 Docketed at Montgomery County Prothonotary on 02/14/2024 7:04 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

65.    In issuing these loans, Wintrust disregards, and neglects to convey, the exceptionally complex nature and possible devastating consequences of the loans, which is invariably unapparent to laypersons such as the Plaintiffs.

66.    In issuing these loans, Wintrust engages in and abuses the Asset-Based Lending method, a tactic that considers only a borrower's assets and not the borrower's ability to repay the loan. Such a tactic is a hallmark of predatory lending practices.

67.    By disregarding the Friedmans' ability to pay the loan and performing in little-to-no evaluation of the propriety of the loan, Wintrust engaged in the above-described predatory lending practices when it issued the Premium Finance Loan that funded the Friedmans' Whole-Life Insurance Policies.

68.    By engaging with Defendant MWealth in an opaque loan issuance process which excluded the Friedmans, and by ultimately "rubber-stamping" the Premium Finance Loan, Wintrust was complicit in a deceitful practice which led the Plaintiffs to believe that the loan was properly vetted and appropriate for their needs.

69.    Such conduct is fraudulent and/or deceptive, and therefore violative of the UTPCPL.

70.    Plaintiffs have suffered significant financial damages resulting from Wintrust Life Finance's fraudulent and/or deceptive conduct, including large out-of-pocket payments to fund the interest on the premium financing loan at issue, to

Case# 2023-23101-20 Docketed at Montgomery County Prothonotary on 02/14/2024 7:04 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

prevent a default on the loan, which would result in the loss of Plaintiffs' personal property that secures the collateral for the loan.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendant Lake Forest Bank & Trust Company, N.A. d/b/a Wintrust Life Finance, and request the Court award damages to Plaintiffs in excess of $50,000.00, together with any other relief this Court deems just and appropriate.

**COUNT III**

**Claim of Fraudulent Misrepresentation**

**Plaintiffs Paul and Marie Friedman v. March Fwd, LLC
f/k/a MWealth Advisors**

71.     Plaintiffs incorporate Paragraphs 1 through 70 as if fully set forth herein at length.

72.     In providing financial planning services to Plaintiffs, MWealth agents, including, but not limited to, Andrew Babson and Kevin Crowley, knowingly or recklessly made a material misrepresentation to Plaintiffs regarding the value of their business Anvil.

73.     Plaintiffs justifiably relied on MWealth's false business valuation, which was purportedly based on experience, expertise, and careful evaluation by the persons performing the business appraisal.

Case# 2023-23101-20 Docketed at Montgomery County Prothonotary on 02/14/2024 7:04 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

74.    In reliance on the false valuation of Anvil, the Friedmans were induced into acquiescing to grossly unsuitable, excessive whole life insurance policies through Penn Mutual.

75.    The issuance of these grossly unsuitable life insurance policies has resulted in losses for the Friedmans in the form of out-of-pocket payments to fund the premium payments necessary to maintaining the grossly unsuitable whole life insurance policies.

76.    The Friedmans have suffered further damages in the form of interest payments to Wintrust Life Finance to maintain their premium financing loan, the default on which would result in catastrophic losses, including the loss of the Friedman's real property, which secures the loan's collateral.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendant March Fwd, LLC f/k/a MWealth Advisors, and request the Court award compensatory and/or punitive damages to Plaintiffs in excess of $50,000.00, together with any other relief this Court deems just and appropriate.

## COUNT IV

### Claim of Negligent Misrepresentation (In the Alternative)

### Plaintiffs Paul and Marie Friedman v. March Fwd, LLC f/k/a MWealth Advisors

77.    Plaintiffs incorporate Paragraphs 1 through 76 as if fully set forth herein at length.

Case# 2023-23101-20 Docketed at Montgomery County Prothonotary on 02/14/2024 7:04 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

78.    In providing financial planning services to Plaintiffs, MWealth agents, including, but not limited to, Andrew Babson and Kevin Crowley, negligently made a material misrepresentation to Plaintiffs regarding the value of their business, Anvil.

79.    Plaintiffs justifiably relied on MWealth's false business valuation which was purportedly based on experience, expertise, and careful evaluation by the persons performing the business appraisal.

80.    In reliance on the false valuation of Anvil, the Friedmans were induced into acquiescing to grossly unsuitable, excessive whole life insurance policies through Penn Mutual.

81.    The issuance of these grossly unsuitable life insurance policies has resulted in losses for the Friedmans in the form of out-of-pocket payments to fund the premium payments necessary to maintaining the grossly unsuitable whole life insurance policies.

82.    The Friedmans have suffered further damages in the form of interest payments to Wintrust to maintain their premium financing loan, the default on which would result in catastrophic losses, including the loss of the Friedman's real property, which secures the loan's collateral.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendant March Fwd, LLC f/k/a MWealth Advisors, and request the Court award

Case# 2023-23101-20 Docketed at Montgomery County Prothonotary on 02/14/2024 7:04 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

damages to Plaintiffs in excess of $50,000.00, together with any other relief this Court deems just and appropriate.

## COUNT V

### Claim of Breach of Fiduciary Duty

### Plaintiffs Paul and Marie Friedman v. March Fwd, LLC f/k/a MWealth Advisors

83.     Plaintiffs incorporate Paragraphs 1 through 82 as if fully set forth herein at length.

84.     Mwealth, through its agents, including but not limited to Kevin Crowley and Andrew Babson, owed Plaintiffs a fiduciary duty.

85.     By the extensive nurturing of a trusted, close personal friendship with Plaintiffs, and by holding himself out as a knowledgeable and well-connected expert in the fields of finance and wealth management, MWealth agent Andrew Babson developed a confidential relationship with his clients, the Plaintiffs.

86.     Based upon this relationship of trust, and assurances to Plaintiffs that he would always act in their best interest, Andrew Babson induced Plaintiffs into relying on his wealth management advice, including advice to apply for whole life insurance policies through Penn Mutual.

87.     Plaintiffs, having no knowledge base or experience in finance, justifiably relied on the advice of Andrew Babson and MWealth.

Case# 2023-23101-20 Docketed at Montgomery County Prothonotary on 02/14/2024 7:04 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

88.    Andrew Babson and MWealth breached their fiduciary duty to Plaintiffs by brokering grossly unsuitable life insurance policies to Plaintiffs, based on false assurances and a wholly inflated business valuation.

89.    The issuance of these grossly unsuitable life insurance policies has resulted in losses for the Friedmans in the form of out-of-pocket payments to fund the premium payments necessary to maintaining the grossly unsuitable whole life insurance policies.

90.    The Friedmans have suffered further damages in the form of interest payments to Wintrust Life Finance to maintain their premium financing loan, the default on which would result in catastrophic losses, including the loss of the Friedman's real property, which secures the loan's collateral.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendant March Fwd, LLC f/k/a MWealth Advisors, and request the Court award compensatory and/or punitive damages to Plaintiffs in excess of $50,000.00, together with any other relief this Court deems just and appropriate.

## COUNT VI

### Claim of Professional Negligence

### Plaintiffs Paul and Marie Friedman v. March Fwd, LLC f/k/a MWealth Advisors

91.    Plaintiffs incorporate Paragraphs 1 through 90 as if fully set forth herein at length.

Case# 2023-23101-20 Docketed at Montgomery County Prothonotary on 02/14/2024 7:04 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

92.    MWealth and its agents owed a duty to Plaintiffs to competently provide financial and wealth management advice to Plaintiffs.

93.    MWealth and its agents breached this duty to Plaintiffs by:

a)    Brokering grossly unsuitable whole life insurance policies to Plaintiffs;

b)    Misrepresenting the value of the Plaintiffs' business, which facilitated the issuance of the grossly unsuitable life insurance policies;

c)    Enabling a direct conflict of interest by advising Plaintiffs to appoint their insurance broker, MWealth principal Andrew Babson, as trustee of the Friedman Family Trusts, which are the owners of the grossly unsuitable Penn Mutual whole life insurance policies; and

d)    Obtaining, through Andrew Babson as trustee of the Friedman Family Trusts, a variable rate premium financing loan through Wintrust Life Finance, secured by Plaintiffs' personal property, to fund the premiums demanded by the grossly unsuitable whole life insurance policies.

94.    MWealth's breaches of duty directly and proximately caused the Plaintiffs to incur significant financial damages in the form of out-of-pocket

Case# 2023-23101-20 Docketed at Montgomery County Prothonotary on 02/14/2024 7:04 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

payments to fund the premium payments necessary to maintaining the grossly unsuitable whole life insurance policies.

95.    The Friedmans have suffered further damages in the form of interest payments to Wintrust to maintain their premium financing loan, the default on which would result in catastrophic losses, including the loss of the Friedman's real property, which secures the loan's collateral.

WHEREFORE, Plaintiffs demand judgment in their favor and against Defendant March Fwd, LLC f/k/a MWealth Advisors, and request the Court award damages to Plaintiffs in excess of $50,000.00, together with any other relief this Court deems just and appropriate.

Respectfully submitted:

MYERS, BRIER & KELLY, LLP

/s/ Stephen C. Baker
Stephen C. Baker
585 East Swedesford Road, Suite 102
Wayne, PA  19087
Fred J. Lokuta
425 Biden Street, Suite 200
Scranton, PA  18503

*Attorneys for Plaintiffs*

Case# 2023-23101-20 Docketed at Montgomery County Prothonotary on 02/14/2024 7:04 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## **VERIFICATION**

I, Paul Friedman, hereby aver and state that I have read the foregoing Amended Complaint which was drafted by counsel. The factual statements contained therein are true and correct to the best of my knowledge, information and belief although the language is that of counsel and, to the extent the content of the foregoing document is that of counsel, I have relied upon counsel in making this Verification.

This statement is made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

_____
Paul Friedman

Date: February ___, 2024

Case# 2023-23101-20 Docketed at Montgomery County Prothonotary on 02/14/2024 7:04 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## **VERIFICATION**

I, Marie Friedman, hereby aver and state that I have read the foregoing Amended Complaint which was drafted by counsel. The factual statements contained therein are true and correct to the best of my knowledge, information and belief although the language is that of counsel and, to the extent the content of the foregoing document is that of counsel, I have relied upon counsel in making this Verification.

This statement is made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

_____
Marie Friedman

Date: February ____, 2024

Case# 2023-23101-20 Docketed at Montgomery County Prothonotary on 02/14/2024 7:04 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## <u>CERTIFICATE OF COMPLIANCE</u>

I, Stephen C. Baker, certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that requires filing confidential information and documents differently than non-confidential information and documents.

/s/ Stephen C. Baker
Stephen C. Baker

Date: February 14, 2024

Case# 2023-23101-20 Docketed at Montgomery County Prothonotary on 02/14/2024 7:04 PM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## <u>CERTIFICATE OF SERVICE</u>

I, Stephen C. Baker, hereby certify that a true and correct copy of the Amended Complaint was served upon the following counsel of record by electronic mail on this 14th day of February 2024:

> Gavin P. Lentz, Esquire
> Bochetto & Lentz, P.C.
> 1524 Locust Street
> Philadelphia, PA 19102
> glentz@bochettoandlentz.com
>
> Francine F. Griesing, Esquire
> Melissa H. Davis, Esquire
> Jessica L. Tarapchak, Esquire
> Griesing Mazzeo Law, LLC
> 1880 JFK Boulevard, Suite 1800
> Philadelphia, PA 19103
> fgriesing@griesingmazzeo.com
> mdavis@griesingmazzeo.com
> jtarapchak@griesingmazzeo.com