**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MARKEL AMERICAN INSURANCE COMPANY<br><br>Plaintiff,<br><br>v.<br><br>MARCH FWD, LLC f/k/a MWEALTH ADVISORS,<br><br>Defendant. | Civil Action No. 2:24-cv-01438 |

**PLAINTIFF / COUNTERCLAIM DEFENDANT MARKEL AMERICAN
INSURANCE COMPANY'S REPLY BRIEF IN SUPPORT OF MOTION FOR
<u>JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(c)</u>**

**MCANGUS GOUDELOCK & COURIE, LLC**
Eric A. Fitzgerald, Esq.
Joseph G. Grady, Esq.
PA Identification Nos. 72590, 322874
Mailing Address: P.O. Box 12519
Columbia, SC 29211
2000 Market Street, Suite 2850
Philadelphia, PA 19103
T: (484) 406-4334 / F: (215) 501-5374
eric.fitzgerald@mgclaw.com
joe.grady@mgclaw.com
*Attorneys for Plaintiff / Counterclaim Defendant
Markel American Insurance Company*

**TABLE OF CONTENTS**

INTRODUCTION …………………………………………………………………………....1

ARGUMENT …………………………………………………………………………….....2

    **A.** **MWealth's Opposition Fails to Demonstrate That Any Allegation of the <u>Friedman</u> Action Falls Outside the Scope of the Promissory Notes Exclusion**
    …………………………………………………………………………...2

    **B.** **MAIC's April 5, 2024 Reservation of Rights Letter Providing a Defense to MWealth and Permitting MWealth's Personal Counsel to Proceed with Legal Representation in the <u>Friedman</u> Action Renders MWealth's Bad Faith Counterclaim Moot.**
    …………………………………………………………………………..3

CONCLUSION …………………………………………………………………………….4

## **INTRODUCTION**

In the interests of brevity and judicial economy, MAIC asserts that the Promissory Notes Exclusion bars coverage for all claims asserted in the Friedman Action for the reasons stated more fully in MAIC's Motion for Judgment on the Pleadings and Memorandum of Law. MAIC submits this Reply Brief to address two (2) pivotal issues in this coverage dispute. First, MWealth's Opposition fails to demonstrate that any allegation of the Friedman Complaint falls outside the ambit of the Promissory Notes Exclusion. Second, MAIC's April 5, 2024 Reservation of Rights letter, which is attached to MAIC's Answer and a proper exhibit in this Motion for Judgment on the Pleadings, starkly contradicts MWealth's contention that MAIC has not provided a defense in the Friedman Action while pursuing this Declaratory Judgment action. MAIC's agreement to defend MWealth in the Friedman Action while seeking judicial review of its Reservation of Rights (whether accepted or not), renders MWealth's bad faith counterclaim moot and ripe for dismissal with prejudice.

For these reasons, and for those more fully set forth in MAIC's principal motion and brief, MAIC's Motion for Judgment on the Pleadings should be granted and MWealth's counterclaims should be dismissed with prejudice.

**ARGUMENT**

A.   **MWealth's Opposition Fails to Demonstrate That Any Allegation of the <u>Friedman</u> Action Falls Outside the Scope of the Promissory Notes Exclusion**

MWealth contends that there are numerous different allegations of professional negligence in the underlying <u>Friedman</u> Complaint and that MAIC is somehow seizing upon the Promissory Notes Exclusion as a tactic to avoid coverage. What MWealth fails to dispute, however, is that all of the transactions alleged in the underlying <u>Friedman</u> Action are alleged to have arisen out of a single scheme – to wit, to overprice the Friedman's business, take out unnecessarily high life insurance policies, and finance the same through a single Promissory Note executed by MWealth' principal as trustee, all for the purpose of generating commissions for MWealth.

This scheme could not have been effected "but for" the execution of the Promissory Note by Mr. Babson. As noted in MAIC's Memorandum of Law in support of its Motion for Judgment on the Pleadings, the extraordinarily broad lead-in language of the Promissory Notes Exclusion[1] appropriately applies the Promissory Notes Exclusion to <u>all</u> of the allegations in the <u>Friedman</u> pleadings. But for the execution of the Promissory Note, the scheme would not have been effected.  <u>See</u>, <u>Continental Cas Co. v Adams</u>, No. 3:CV-02-1122, 2003 U.S. Dist. LEXIS 16434 (M.D. Pa. Sept. 12, 2003)("Thus, the underlying negligence claims asserted against the individual insureds … "at a minimum, 'indirectly result from,' are 'in consequence of,' or 'in some way involved' conduct … in the discharge of their duties as directors and officers of [the insured]").

---

[1] "Arising out of, based upon or in consequence of, directly or indirectly resulting from or in any way involving …."

2

Notably, the agency status of Mr. Babson is irrelevant to the Court's inquiry here. The Friedmans engaged MWealth; Mr. Babson is a principal of MWealth; and Mr. Babson had actual and apparent authority to bind MWealth through his actions.

MWealth suggests that MAIC is seeking a windfall by asserting the Promissory Notes Exclusion where the scheme had other alleged component parts. But the application of the exclusion is logical. The policy is intended to cover the negligent acts or omissions of the insureds in the conduct of their business as insurance professionals.  It is not intended to provide a backstop to alleged exotic financing schemes which do not perform as intended. MWealth does not endorse the veracity of the allegations in the Friedman Action. But the four corners of the Friedman Complaint clearly allege a single scheme which could not have been effected absent the execution of the Promissory Note. The clear application of the Promissory Notes Exclusion, and the extraordinarily broad lead-in language to the same, accomplish the natural intent of the policy.

**B.     MAIC's April 5, 2024 Reservation of Rights Letter Providing a Defense to MWealth and Permitting MWealth's Personal Counsel to Proceed with Legal Representation in the Friedman Action Renders MWealth's Bad Faith Counterclaim Moot.**

Throughout the course of this coverage action, MAIC has advised MWealth and the Court of an April 5, 2024 Reservation of Rights letter wherein MAIC offered a defense to MWealth in the Friedman Action subject to certain, enumerated limitations. See ECF No. 1 at Exhibit "E". Notably, MAIC's counsel sent the Reservation of Rights letter to MWealth's personal counsel via email and certified mail and outlined the acceptable parameters of MAIC's assumption of MWealth's legal representation in the Friedman Action:

> First, MAIC reserves the right to appoint panel counsel to represent March Fwd. MAIC is agreeable to your firm continuing to represent March Fwd subject to your firm's agreement to abide by the terms and conditions of the Policy defense provisions, including, but not limited to, your firm's agreement to be reimbursed at panel rates, and to comply with MAIC's reporting requirements and guidelines. A copy of the Policy conditions regarding selection of counsel are attached as Exhibit B hereto. MAIC's customary panel counsel rate for the venue and nature of litigation in this matter is 275/240/125 per hour for partners, associates and paralegals, respectively.

See ECF No. 1 at Exhibit "E", p. 2.

In its Opposition, MWealth states that MAIC has not appointed defense counsel nor reimbursed any fees incurred in defending MWealth in the Friedman Action. However, as noted above, MAIC expressly allowed personal counsel to continue its representation of MWealth in the Friedman Action. MWealth does not contest the reasonableness of the terms of MAIC's provision of a defense. In fact, MAIC is unaware of any action taken at all by counsel to submit its reasonable fees and costs for reimbursement by MAIC. An insurer which provides a defense for its insured and promptly seeks judicial review of its coverage position acts in good faith as a matter of law. Accordingly, MWealth's bad faith counterclaim should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, and for those contained in its opening papers, MAIC respectfully requests that this Honorable Court enter an Order declaring that MAIC does not have a duty to defend or indemnify MWealth in connection with the lawsuit titled Paul and Marie Friedman v. March Fwd, LLC f/k/a MWealth Advisors and Lake Forest Bank & Trust

4

<u>Company, N.A. d/b/a Wintrust Life Finance</u>, currently pending in the Montgomery County, PA Court of Common Pleas and filed under Civil Action No. 2023-23101.

                                       Respectfully submitted:

                                       **McANGUS GOUDELOCK & COURIE, LLC**

                                       _____
                                       Eric A. Fitzgerald, Esquire
                                       Joseph G. Grady, Esquire
                                       2000 Market Street, Suite 2850
                                       Philadelphia, PA 19103
                                       Mailing Address: P.O. Box 12519
                                       Columbia, SC 29211
                                       Phone: (484) 406-4200
Dated: December 23, 2024             Email: eric.fitzgerald@mgclaw.com
                                                 joe.grady@mgclaw.com
                                       *Attorneys for Plaintiff / Counterclaim Defendant*
                                       *Markel American Insurance Company*