# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLANIA

| | | |
|---|---|---|
| **MARKEL AMERICAN INSURANCE COMPANY** | : | Civil Action No. 2:24-cv-01438 |
| | : | |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| **MARCHFWD, LLC f/k/a MWEALTH ADVISORS** | : | |
| | : | |
| *Defendant.* | : | |
| | : | |

## DEFENDANT MWEALTH'S SUR REPLY IN FURTHER OPPOSITION TO PLAINTIFF MARKEL AMERICAN INSURANCE <u>COMPANY'S MOTION FOR JUDGMENT ON THE PLEADINGS</u>

## TABLE OF CONTENTS

I.      **ARGUMENT** ........................................................................................................ 3

   **a.** **The very concept of a promissory note *exclusion* presupposes the existence of otherwise covered claims.** ................................................................... 3

   **b.** **MAIC's Reply Brief improperly relies on factual conclusions.** ....................... 4

II.    **CONCLUSION** ................................................................................................... 5

Defendant MarchFwd, LLC, f/k/a MWealth Advisors ("MWealth"), by and through its undersigned counsel, hereby submits the following Sur Reply in further Opposition to Plaintiff Markel American Insurance Company ("MAIC")'s Motion For Judgment on the Pleadings.

I.    ARGUMENT

**a. The very concept of a promissory note _exclusion_ presupposes the existence of otherwise covered claims.**

In its Reply, MAIC claims that "MWealth's Opposition fails to demonstrate that any allegation of the Friedman Complaint falls **outside the ambit** of the Promissory Notes **Exclusion**." ECF Doc 23, pg. 1 (emphasis added). Firstly, this is obviously not true, simply as a matter of tautology; the very fact that MAIC is basing their denial of coverage on a purported **exclusion** presupposes the fact that coverage would otherwise be available, but for such exclusion. Indeed, MAIC has already conceded as much in its February 26, 2024 letter denying coverage, stating:

> Here, you, Kevin Crowley, are an Agent as you elected under this Policy . . . and whose enrollment is on file with the Sponsoring Company, **and therefore meet the definition of an Insured under the Policy** to the extent you were performing Professional Services as defined. Your business entity, of which you are an owner and partner, is March Fwd, LLC and your business partner is Babson. As such, **both March Fwd, LLC and Babson appear to qualify as Insured under the Policy** . . .

ECF Doc. 1, Ex. D, pg. 7 (emphasis added). This letter then goes on to deny coverage due to the promissory note **exclusion** to the definition of "professional services," but MAIC has already conceded that coverage would otherwise be available, but for this purported exclusion.

Secondly, MWealth's Opposition **does** identify multiple claims that would clearly be covered by its professional liability insurance coverage, most obviously professional negligence. _See_ ECF Doc. 22, pg. 16. **As only a single covered claim is sufficient to trigger the duty to defend,** the analysis should end there.

In any event, there is still absolutely no averment in the underlying complaint by the Friedmans that this alleged "scheme could not have been effected 'but for' the execution of the Promissory Note by Mr. Babson[,]" as claimed by MAIC in its Reply. ECF Doc. 23, pg. 2. The Friedmans complaint alleges a litany of (false) claims, but nowhere therein does it describe these as a "single scheme" or claim that Mr. Babson signing the promissory note as trustee was the ***only*** way for such scheme to be effected.

Instead, the exact mechanism of funding is essentially immaterial to the Friedmans' claims; their core grievances would be the same whether they had to sell assets to fund this obligation, borrow through a different financing vehicle, or had anyone else sign such note. At its core, the Friedmans complain about the size of their insurance premiums and MWealth's alleged advice relating thereto. The provision of such professional services is exactly why MWealth has professional liability insurance, and the conduct alleged falls squarely within the applicable policy.

**b. MAIC's Reply Brief improperly relies on factual conclusions.**

In its Reply, MAIC claims that:

> MWealth does not contest the reasonableness of the terms of MAIC's provision of a defense. In fact, MAIC is unaware of any action taken at all by counsel to submit its reasonable fees and costs for reimbursement by MAIC.

ECF Doc 23, pg. 4. Both of these contentions are clearly factual disputes, however, and they are expressly contradicted by the averments contained in MWealth's Answer and Counterclaim. *See* ECF Doc. 6, ¶ 52 ("**MAIC did not have a reasonable basis** for refusing to undertake the duty to defend MWealth in the Underlying Action.") (emphasis added), ¶ 54 ("MAIC's acceptance of premiums and subsequent **refusal to defend or indemnify MWealth under such circumstances is outrageous**.") (emphasis added), ¶ 58 ("**MAIC unreasonably delayed** its provision of a defense in the Underlying Action.") (emphasis added). Clearly, MWealth ***does*** contest the foregoing

factual conclusions asserted by MAIC in Reply.

As outlined in MWealth's original Opposition, the well-established standard for judgment to be granted on the pleadings requires that the movant clearly establish that no material issue of fact remains in dispute, and that all facts and reasonable inferences be resolved in favor of the non-moving party. *See* ECF Doc. 22, pgs. 6-7 (outlining such legal standard). Here, there clearly are still facts in dispute, and MAIC is precluded from contesting these well-pled averments in a motion for judgment on the pleadings, let alone in a reply brief to such a motion.

## II.    CONCLUSION

Based on the foregoing, as well as MWealth's original Opposition, MWealth respectfully requests that MAIC's Motion for Judgment on the Pleadings be denied.

**BOCHETTO & LENTZ, P.C.**

Date: January 13, 2025

*/s/ Ryan T. Kirk*

By: _____
Gavin P. Lentz, Esquire
Ryan T. Kirk, Esquire
1524 Locust Street
Philadelphia, PA 19102
glentz@bochettoandlentz.com
rkirk@bochettoandlentz.com
*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I, Ryan T. Kirk, Esquire, hereby certify that a true and correct copy of the forgoing Sur Reply in further Opposition to Plaintiff's Motion for Judgment on the Pleadings was filed electronically through this Court's ECF System and is available for viewing and downloading from this Court's ECF System. I further certify that an electronic copy of the foregoing was served upon all counsel of record through this Court's ECF System.

**BOCHETTO & LENTZ, P.C.**

*/s/ Ryan T. Kirk*

Date: January 13, 2025                  By: _____

Gavin P. Lentz, Esquire
Ryan T. Kirk, Esquire
1524 Locust Street
Philadelphia, PA 19102
glentz@bochettoandlentz.com
rkirk@bochettoandlentz.com
*Attorneys for Defendant*