IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLANIA

| | | |
|---|---|---|
| **MARKEL AMERICAN INSURANCE COMPANY** | : | Civil Action No. 2:24-cv-01438 |
| *Plaintiff* | : | |
| v. | : | |
| **MARCHFWD, LLC f/k/a MWEALTH ADVISORS** | : | |
| *Defendant.* | : | |

**MEMORANDUM OPINION**

**I.   Introduction**

Plaintiff insurance company Markel American Insurance Company ("MAIC") filed a Motion for Judgment on the Pleadings against Defendant MarchFwd, LLC f/k/a MWealth Advisors ("MWealth"). *See* Dkt. #19. MAIC asks this Court to declare as a matter of law that it is not obligated to provide defense or coverage to MWealth in connection with a civil action filed against MWealth in the Pennsylvania Court of Common Pleas (the "Friedman Action" as set forth in the "Friedman Action Complaint"). Because this Court cannot find that MAIC is entitled to a judgment on the pleadings while making all reasonable inferences in MWealth's favor, the motion is denied.

**II.   Factual Background**

The dispute between the parties revolves around whether MAIC must provide insurance coverage for MWealth in connection with ongoing litigation in the Friedman Action. The Friedman Action alleges that MWealth, *inter alia*, took advantage of the Friedmans by providing them with inaccurate financial advice for the purpose of persuading them to purchase more life

1

insurance than prudent and to create family trusts which named Andrew Babson, one of MWealth's principals, as trustee. *See* Dkt. #1 at Ex. A, ¶ 19. The Friedman Action Complaint alleges that to fund these purchases, the Mr. Babson, "the trustee for the Friedman Family Trusts," executed a promissory note on behalf of the trusts. *Id.* at ¶ 35. The Freedman Action Complaint does not clearly establish whether Mr. Babson was working as an MWealth employee when serving as a trustee for the Freedman Family Trust or if he served as a trustee in an independent capacity.

The insurance policy under which MWealth has sought coverage from MAIC provides an exclusion, which broadly disclaims a duty to defend claims "[a]rising out of, based upon or in consequence of, directly or indirectly resulting from or in any way involving: promissory notes, viatical settlements involving terminally ill clients in accordance with the definition of 'terminally ill' by the relevant state, or any Securities backed by promissory notes or such viatical settlements." Dkt. #6 at Ex. A, § VI (U)(1). Importantly, both parties agree that this policy belongs to MWealth, not Mr. Babson personally. That means that this exclusion may not permit MAIC to refuse to defend MWealth if Mr. Babson's alleged actions with respect to the promissory note were performed in personal capacity, rather than his capacity at MWealth, and therefore unrelated to the claims against MWealth.

### III.  Legal Standards

Judgment on the pleadings may only be granted if the movant "clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008). In doing so, the Court must grant the non-movant all reasonable inferences in the light most favorable to the non-movant. *Foreman v. Lowe*, 261 F. App'x 401, 403, n.1 (3d Cir. 2008).

Pennsylvania's "Four Corners Rule" prohibits a court making a decision regarding

coverage from considering extrinsic evidence. *Kvaerner Metals Div. of Kvaerner U.S., Inc. v. Commercial Union Ins. Co.*, 908 A.2d 888, 896 (Pa. 2006). Instead, this Court is constrained to compare the allegations of the underlying complaint with the text of the insurance policy in question. *Kiely on Behalf of Feinstein v. Philadelphia Contributionship Ins. Co.* 206 A.3d 1140, 1146 (Pa. Super. 2019). The only question facing the Court is whether the complaint "might or might not" fall within the policy's coverage. *Am. & Foreign Ins. Co. v. Jerry's Sport Ctr., Inc.*, 2 A.3d 526, 541 (Pa. 2010). "[I]t is the potential, rather than the certainty, of a claim falling within the insurance policy that triggers the insurer's duty to defend." *Id.* "[I]f a single claim in a multiclaim lawsuit is potentially covered, the insurer must defend all claims until there is no possibility that the underlying plaintiff could recover on a covered claim." *Frog, Switch & Mfg. Co. v. Travelers Ins. Co.*, 193 F.3d 742, 746 (3d Cir. 1999). Insurance policies must be read as a whole, and plain meaning assigned to their words. *Frog, Switch & Mfg. Co. v. Travelers Ins. Co.*, 193 F.3d 742, 746 (3d Cir. 1999). Ambiguity in a provision of an insurance policy should be resolved in favor of the insured, rather than the insurer. *Id.*

IV.     Analysis

Within the four corners of the Friedman Action Complaint, Mr. Babson's actions with respect to the promissory note are alleged to have been performed as "trustee for the Friedman Family Trust." Dkt. #1 at Ex. A, ¶ 35. For this reason, the Court finds that, taken in the light most favorable to MWealth, the Friedman Action Complaint presents allegations that "might or might not" fall within coverage and therefore trigger MAIC's duty to defend. *See Am. & Foreign Ins.* 2 A.3d at 541. While Pennsylvania's "Four Corners Rule" generally prohibits the consideration of extrinsic evidence of the truth of the underlying allegations, sometimes additional evidence is needed to resolve an ambiguity in the allegations of the claim itself. The Four Corners Rule does

not require this Court to blindly guess which plausible interpretation of an ambiguous underlying complaint accurately captures the nature of the conduct which has been pleaded. *See, e.g.*: *Harleysville Worcester Ins. Co. v. Gateway Petroleum Tech. Inc.*, No. CV 20-4863, 2021 WL 4477149, at *5 (E.D. Pa. Sept. 30, 2021) (Surrick, J.) (denying judgment on the pleadings to resolve factual issues regarding ambiguity in state court complaint).

The Court is not persuaded by MAIC that the Friedman Action Complaint, when read in a light most favorable to MWealth, alleges a single unified claim against MWealth, of which the promissory note was a necessary component. MAIC repeatedly insists that the allegations of the Friedman Action must be considered as a single scheme by way of reference to a particular allegation in the Friedman Action Complaint, and that such reference is dispositive of the issue before the Court. But this repeated argument does not find support in the Friedman Action Complaint. When viewing evidence in the light most favorable to MWealth, the Court cannot assign the word "scheme" (occurring one time in the Complaint (Dkt. at Ex. A, ¶ 1)) such a consequential meaning. The Friedman Action Complaint's use of the word "scheme" can just as easily be read as a colloquial description of the litany of similar but separate alleged wrongdoings by the same party, rather than reliant enough on each other to merge all the allegations against MWealth into a singular "claim."

Additionally, the Court does not find any support whatsoever in Friedman Action Complaint for MAIC's repeated assertions that scheme "could not have been effected[]" without the promissory note. *See* Dkt. #19 at 3. The Friedman Action Complaint merely alleges that the promissory note was used to subsidize the premiums; it does not allege that the Friedmans would have been unable to acquire funds through another mechanism.

## V.     Conclusion

Cognizant of the somewhat unusual posture of this motion (an affirmative motion for judgment on the pleadings in a declaratory judgment case) the Court will make clear what today's Order holds. Today, the Court only denies MAIC'S Motion for Judgment on the Pleadings, because the Friedman Action alleges facts which, interpreted in a light most favorable to MWealth, "might or might not" fall within the policy in question. *See Am. & Foreign Ins.* 2 A.3d at 541. The Court encourages the parties to engage in further discovery and discussions regarding the meaning of the Friedman Action Complaint.

This memorandum supports the Order filed separately.

**Dated:** February 3, 2025                              BY THE COURT:

                                                                         _____
                                                                         GAIL A. WEILHEIMER          J.